Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 847 | **DATE** | July 16, 2002 |
| **CASE TITLE** | *United States v. Earnest Wilson* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendant Earnest Wilson's Motion for Bond. It is so ordered.

(11) ☒ [For further detail see order *attached to* the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | JUL 22 2002 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | 02 JUL 17 PM 10:16 FILED | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 01 CR 847 |
| EARNEST WILSON ) | |

DOCKETED
JUL 2 2 2002

## MEMORANDUM AND ORDER

The Government indicted Defendant Earnest Wilson on charges that he violated 18 U.S.C. § 922(g) and (k), alleging that he, as a convicted felon, knowingly possessed two handguns, one of which had the serial numbers removed and/or altered. The present matter comes before the court on Wilson's Motion for Bond, which, as explained below, is DENIED.

Under the Bail Reform Act (18 U.S.C. § 3142), a defendant may be detained pending trial when the government is able to establish by clear and convincing evidence either that the person presents a serious risk of flight or a serious risk of danger to another person or the community. United States v. Diaz, 777 F.2d 1236, 1237 (7th Cir. 1985). Section 3142(e) explicitly provides that the court shall order pre-trial detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community, the court must consider the following factors set forth in section 3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

44

> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including–
>
>> (A) the person's character, his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

8 U.S.C. § 3142(g). All of these factors must be balanced in making the ultimate determination of whether a defendant should be released on bond. See Diaz, 777 F.2d at 1238 (ultimate decision whether to detain "depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g)").

Here, the Government contends that Wilson poses a danger to the community and that no possible conditions of release will lessen this danger. To assess this contention, the Court held a hearing on Wilson's motion for bond.

Initially, the Court notes that Wilson is charged with being a felon in possession of a firearm, which is considered a "serious" offense. United States v. Henry, 935 F. Supp. 24, 25 (D.D.C. 1996) (holding that defendant who was charged as a felon in possession of a firearm was a danger to the community). See also 18 U.S.C. § 922(g) ("felons in possession of firearms are a threat to the safety of society"). Where the defendant has committed a serious crime, "the natural conclusion is that the individual poses . . . a danger to the community. United States v. Patel, No. 95 CR 190-1, 1995 WL 557379, at *2 (N.D. Ill. Sept. 19, 1995) (Williams, J.). Consequently,

this Court finds that the first factor in the section 3142(g) analysis, "the nature and circumstances of the offense charged," weigh towards denying Wilson's release on bond. Moreover, the firearm which Wilson is accused of possessing is not your typical handgun. The gun recovered from Wilson's vehicle was a M-11 9 millimeter semi-automatic pistol with a 30 round clip.

Next, the weight of the evidence against Wilson appears extremely strong. The present charges came about after Chicago police officers stopped Wilson for allegedly violating several traffic laws and saw a firearm in plain view sticking out from under the front passenger seat. As in most criminal cases, Wilson's account of the arrest differed from that of the police, and Wilson filed a motion to suppress the firearm. After holding a hearing on the motion to suppress, this Court denied the motion and the firearm will be admitted into evidence at trial. Accordingly, the Court finds that the weight of evidence against Wilson (the second section 3142(g) factor) favors denying his motion for bond.

As for the third section 3142(g) factor, Wilson's criminal history, the Court finds that this factor also supports the denial of the motion. Wilson has an extensive criminal history dating back to 1971 when he pled guilty to aggravated assault for which he was sentenced to one year in prison. In 1973, Wilson pled guilty to armed robbery and received a sentence of four years. In 1975, only 18 days after being paroled on the armed robbery conviction, Wilson was charged with murder for allegedly killing a man with a sawed-off shot gun. Wilson was subsequently found guilty of voluntary manslaughter and sentenced to 4 to 20 years. In 1981, Wilson was convicted of murder and conspiracy to commit murder and sentenced to natural life. While in prison, in 1993, Wilson pled guilty to possession of a controlled substance in a penal institution.

In January 1998, the Illinois Appellate Court vacated Wilson's murder sentence of natural life. Wilson thereafter pled guilty to second degree murder and received a sentence of 22 years.

The Government presented evidence at the bond hearing that after being released from prison in 1998, Wilson assumed the position of "Don" for his street gang, the Gangster Disciples. As a "Don," Wilson was the highest ranking member of the Gangster Disciples at the Cabrini Green Public Housing Complex ("Cabrini Green") on Chicago's near North-West side. According to the Chicago police, Wilson "has a well organized and sophisticated drug distribution and security system in place at Cabrini Green." This drug operation allegedly operates 24 hours a day and nets substantial profits for the gang and Wilson.

Based on the above evidence, this Court finds that the factors set forth in section 4142(g) weigh against releasing Wilson on bond pending trial, and therefore, the Court finds that the Government has shown by clear and convincing evidence that Wilson, if released on bond, would pose a danger to the community and that no conditions of release would alleviate this danger.

In denying Wilson's motion, the Court notes that the majority of testimony presented by Wilson went to whether he was a flight risk. The Government does not contest that Wilson has always shown up for all of his court dates. To deny Wilson bond, however, the Government need only show that Wilson would be a danger to the community or that he would be a flight risk, not both. See Diaz, 777 F.2d at 1237. To show that he would not pose a threat to the community, Wilson contends that the Court could order Wilson confined to his mother-in-law's home and appoint the mother-in-law as his custodian. While the mother-in-law testified that she

would undertake these responsibilities, the Court finds that, although sincere, she would not be able to prevent Wilson from engaging in criminal activity while out on bond.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Earnest Wilson's Motion for Bond. It is so ordered.

**ENTER:**           *Blanche M. Manning*
                               **BLANCHE M. MANNING**
                               **U.S. DISTRICT COURT JUDGE**

**DATE:** JUL 1 6 2002