# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 CR 847 | DATE | October 17, 2002 |
| CASE TITLE | *United States of America v. Earnest Wilson* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendant Wilson's Motion to Dismiss Indictment for Lack of Federal Jurisdiction, or in the Alternative Based on Insufficiency of Evidence [46-1].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 18 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 01 CR 847 |
| | ) | |
| EARNEST WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

After initially being charged with state law violations, Defendant Earnest Wilson was indicted by a federal grand jury with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k).[1] The present matter comes before this Court on Wilson's Motion to Dismiss the Indictment, pursuant to Federal Rule of Criminal Procedure 12(b)(2), or in the alternative, for a Judgment of Acquittal, pursuant to Federal Rule of Criminal Procedure 29. For the reasons that follow, the motion is DENIED.

**DOCKETED OCT 1 8 2002**

---

[1] A complete summary of the facts in this case can be found in this Court's February 8, 2002 Memorandum and Order denying Wilson's motion to quash his arrest.



**ANALYSIS**

Wilson contends that the Indictment should be dismissed because sections 922(g)(1) and (k) violate the following constitutional provisions: (1) the Commerce Clause; (2) the Tenth Amendment; (3) the Fifth Amendment; and (4) the Second Amendment. The Court will address each of these contentions in turn.

## I. Sections 922(g)(1) and (k) Do Not Violate the Commerce Clause

The Commerce Clause provides Congress with the authority to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8. The test for determining whether an activity is within Congress' power to regulate under the Commerce Clause is whether the regulated activity "substantially affect[s] interstate commerce" (the interstate nexus requirement). United States v. Lopez, 514 U.S. 549, 559 (1995). The Seventh Circuit has ruled on several occasions that § 922(g)(1) satisfies the Commerce Clause's interstate nexus requirement if the firearm traveled in interstate commerce at any point prior to coming into possession of the defendant. United States v. Lemons, 302 F.3d 769, 772 (7th Cir. 2002); United States v. Hemmings, 258 F.3d 587, 594 (7th Cir. 2001) ("This circuit has rejected claims that § 922(g)(1) . . . violate[s] the Commerce Clause" because the jurisdictional element of § 922(g) provides the required nexus with interstate commerce); United States v. Williams, 128 F.3d 1128, 1133 (7th Cir. 1997) ("Congress has authority under the Commerce Clause to pass § 922(g)(1) because subsection (g) contains its own provision that the possession must be in or affecting interstate commerce"); United States v. Lewis, 100 F.3d 49, 52-53 (7th Cir. 1996) (same); United States v. Bell, 70 F.3d 495, 498 (7th Cir. 1995) (same); United States v. Lee, 72

F.3d 55, 58-59 (7th Cir. 1995) (same).

Here, section 922(g)(1) provides, in relevant part, that "[i]t shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce." Section 922(k) similarly contains a jurisdictional element, providing that the possession of a firearm which has had its manufacturer's serial number obliterated is only prohibited if the firearm "has, at any time, been shipped or transported in interstate or foreign commerce."

Therefore, this Court finds that sections 922(g)(1) and (k) are permissible exercises of congressional authority under the Commerce Clause because they contain a jurisdictional element which provide the required nexus with interstate commerce. Moreover, it is undisputed that "[b]oth weapons were manufactured outside of the State of Illinois." Consequently, this Court holds that sections 922(g)(1) and (k) do not violate the Commerce Clause.

**II.    Sections 922(g)(1) and (k) Do Not Violate the Tenth Amendment**

Wilson further contends that sections 922(g)(1) and (k) violate the Tenth Amendment, which provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." This amendment "confirms that the power of the Federal Government is subject to limits that may, in a given instance, reserve power to the States." New York v. United States, 505 U.S. 144, 157 (1992). A congressional act violates the Tenth Amendment when Congress exceeds the limits of authority bestowed upon it by Article I of the Constitution. Gillespie v. City of Indianapolis, 185

3

F.3d 693, 704 (7th Cir. 1999). Consequently, when Congress enacts a law which falls within its power under the Commerce Clause, such a law does not violate the Tenth Amendment. Id. (holding that section 922(g)(9) did not violate the Tenth Amendment because it was a valid exercise of congressional authority to regulate interstate commerce).

In addition, congressional action violates the Tenth Amendment when it "compel[s] the States to enact or administer a federal regulatory program," or when "it conscript[s] the State's officers directly" by assigning to them responsibility for enforcing federal laws. Printz v. United States, 521 U.S. 898, 935 (1997). See also Gillespie, 185 F.3d at 707-08.

Here, because this Court has already ruled that Congress did not exceed its power under the Commerce Clause when it enacted sections 922(g)(1) and (k), the Court likewise holds that these sections do not violate the Tenth Amendment. The Court also finds that these sections do not commandeer state governments or their officials or compel the states to administer a federal program. Sections 922(g)(1) and (k) are not directed at states or state officials. They are criminal laws of general application that regulate the behavior of individuals. Consequently, this Court holds that sections 922(g)(1) and (k) do not violate the Tenth Amendment.

### III. Section 922(g)(1) Does Not Violate the Equal Protection Clause

Wilson additionally contends that section 922(g)(1) violates the Equal Protection Clause under the Fifth Amendment because it restricts the right to bear arms based on state laws which are not uniform. Under the Equal Protection Clause, if a Congressional enactment implicates a fundamental right, the law "can only be sustained if it is narrowly tailored to serve a compelling government interest, or, at the least, is substantially related to the service of an important

government objective." Gillespie, 185 F.3d at 708. If, however, the law in question does not implicate a fundamental right, it "need only have a rational basis." Id. See also United States v. Jester, 139 F.3d 1168, 1171 (7th Cir. 1998).

Here, Wilson contends that the right of individuals to possess firearms is a fundamental right under the Second Amendment. The Seventh Circuit, however, on numerous occasions, has rejected the contention that the right to possess a firearm is a fundamental one. Gillespie, 185 F.3d at 709; Jester, 139 F.3d at 1171.

Thus, section 922(g)(1) need only have a "rational basis" to satisfy the Equal Protection Clause. Wilson can only satisfy this standard by showing that no "state of facts reasonably may be conceived to justify" the disputed statutory provision. Dandridge v. Williams, 397 U.S. 471, 485 (1970); Jester, 139 F.3d at 1171. Under the rational basis review, this Court will not invalidate a challenged law "simply because the classification is not made with mathematical nicety or because in practice it results in some inequality .... The problems of government are practical ones and may justify, if they do not require, rough accommodations ...." Dandridge, 397 U.S. at 485; Jester, 139 F.3d at 1171.

Congress enacted section 922(g) "to keep firearms out of the hands of those persons whose prior conduct indicated a heightened proclivity for using firearms to threaten community peace and the continued and effective operation of the Government of the United States." Jester, 139 F.3d at 1171. The United States Supreme Court has already ruled that such a provision has a rational basis: "Congress could rationally conclude that any felony conviction . . . is a sufficient basis on which to prohibit the possession of a firearm." Lewis v. United States, 445 U.S. 55, 66

(1980) (rejecting Fifth Amendment challenge to predecessor of § 922(g)(1)). Therefore, this Court finds that the restriction in section 922(g)(1) has a "rational basis," and therefore does not violate the Fifth Amendment.

**IV.    Section 922(g)(1) Does Not Violate the Second Amendment**

Wilson also contends that section 922(g)(1) violates his rights under the Second Amendment, which provides that "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The Second Amendment, however, "establishes no right to possess a firearm apart from the role possession of the gun might play in maintaining a state militia." Gillespie, 185 F.3d at 710. In Gillespie, the Seventh Circuit upheld §922(g)(9), which prohibits persons convicted of misdemeanor domestic violence from possessing firearms, against a Second Amendment challenge because the defendant did not "demonstrate a 'reasonable relationship' between his own inability to carry a firearm and the preservation or efficiency of a well regulated militia." Id. at 711.

Here, similar to Gillespie, Wilson has made no showing whatsoever that his inability to carry a firearm has any relationship to the preservation or efficiency of a well regulated militia. Instead, he relies on the Government's Brief in Opposition to Petition for Writ of Certiorari in Emerson v. United States, 122 S. Ct. 2362 (2002) (writ of cert. denied), for the proposition that the Second Amendment "broadly protects the rights of individuals . . . to possess and bear their own firearms." In Emerson, the Fifth Circuit held that the Second Amendment "protects the right of individuals, including those not then actually a member of any militia or engaged in active military service or training, to privately possess and bear their own firearms . . . that are suitable

6

as personal, individual weapons." United States v. Emerson, 270 F.3d 203, 260 (5th Cir. 2001). However, the Fifth Circuit admitted that its general rule was limited by exceptions and specifically stated that "it is clear that felons, infants and those of unsound mind may be prohibited from possessing firearms." Id. at 261. Thus, even under the Fifth Circuit's expansive interpretation of the Second Amendment, Wilson could be precluded from possessing a firearm pursuant to § 922(g)(1). Accordingly, this Court holds that section 922(g)(1) does not violate the Second Amendment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Wilson's Motion to Dismiss Indictment for Lack of Federal Jurisdiction, or in the Alternative Based on Insufficiency of Evidence [46-1].

ENTER:       *Blanche M. Manning*
             BLANCHE M. MANNING
             U.S. DISTRICT COURT JUDGE

DATE: 10-17-02